IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

Carla B.,[1]                                                        Case No. 6:18-cv-01396-AA
                                                                    **OPINION AND ORDER**
      Plaintiff,

   v.

ANDREW SAUL,
Commissioner of Social Security,

      Defendant.

_____

AIKEN, District Judge:

      Plaintiff Carla B. brings this action pursuant to the Social Security Act ("Act"),

42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of

Social Security ("Commissioner").  The Commissioner denied plaintiff's application

for Disability Insurance Benefits ("DIB").  For the reasons set forth below, the

Commissioner's decision is AFFIRMED.

_____

[1] In the interest of privacy, this opinion uses only the first name and the initial of
the last name of the non-governmental party or parties in this case.  Where
applicable, this opinion uses the same designation for a non-governmental party's
immediate family member.

Page 1 – OPINION AND ORDER

## BACKGROUND

On April 9, 2014, plaintiff protectively filed for a period of DIB, alleging disability beginning January 11, 2012, with a date last insured of September 30, 2016. In her applications, plaintiff alleged disability due to a combination of physical impairments, including right knee osteoarthritis, status post-surgery; bilateral carpal tunnel syndrome; right index finger osteoarthritis; cervical degenerative disc disease with right radiculopathy; obesity; lumbar degenerative disc disease; atypical migraine vs seizure disorder; and bilateral shoulder impingement. Tr. 28.

Plaintiff's claims were denied initially on August 18, 2014, and upon reconsideration on January 30, 2015. On March 25, 2015, plaintiff filed a written request for hearing before an Administrative Law Judge ("ALJ"). An administrative hearing was held on March 16, 2017, where plaintiff was represented by counsel, and plaintiff and a vocational expert ("VE") offered testimony. The ALJ found plaintiff not disabled in a written decision issued on May 22, 2017. After the Appeals Council denied review, plaintiff filed the present complaint in this Court.

## STANDARD OF REVIEW

The district court must affirm the ALJ's decision if it is based upon proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Berry v. Astrue*, 622 F.3d 1228, 1231 (9th Cir. 2010). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec. Admin.*, 740 F.3d 519, 522 (9th Cir.

2014) (citation and internal quotation marks omitted).  The court must evaluate the complete record and weigh "both the evidence that supports and the evidence that detracts from the ALJ's conclusion." *Mayes v. Massanari*, 276 F.3d 453, 459 (9th Cir. 2001).  If the evidence is subject to more than one interpretation but the Commissioner's decision is rational, the Commissioner must be affirmed, because "the court may not substitute its judgment for that of the Commissioner." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the plaintiff to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986).  To meet that burden, the plaintiff must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months[.]"  42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential process for determining whether a person is disabled.  *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a)(4).  At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" since the alleged onset date of January 11, 2012, through the date last insured of September 30, 2016.  Tr. 28; *see also* 20 C.F.R. § 416.920(a)(4)(i), (b).  At step two, the ALJ found that plaintiff "had the following severe impairments: right knee osteoarthritis, status post-surgery; bilateral carpal tunnel syndrome; right index finger osteoarthritis; cervical degenerative disc disease

with right radiculopathy; obesity; lumbar degenerative disc disease; atypical migraine vs seizure disorder; and bilateral shoulder impingement." Tr. 28; *see also* 20 C.F.R. § 404.1520(c). At step three, the ALJ determined plaintiff's impairments, whether considered singly or in combination, did not meet or equal "one of the listed impairments" that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. Tr. 29; *see also* 20 C.F.R. § 416.920(a)(4)(iii), (d).

The ALJ then assessed plaintiff's residual functional capacity ("RFC"). Tr. 30-33; *see also* 20 C.F.R. § 416.920(e). The ALJ found that, through the date last insured, plaintiff "had the [RFC] to perform light work as defined in 20 CFR 404.1567(b)" with the following additional limitations:

> [plaintiff] can occasionally climb stairs, but cannot climb ladders, ropes or scaffolding; and can occasionally crawl, never kneel, or crouch, and frequently perform all other postural activities, frequently perform bilateral reaching in all directions, frequently perform bilateral hand grasping, but must avoid concentrated exposure to cold or pulmonary irritants. She must be able to sit a minimum of four hours, and is limited to frequent computer screen use. She must alternate her current position every 30 minutes briefly to stretch, for one to two minute

At step four, the ALJ found that plaintiff was "capable of performing past relevant work as an accounting clerk and payroll clerk" and thus was not disabled under the Act. Tr. 33. The ALJ did not proceed to step five. Accordingly, the ALJ found that plaintiff was not disabled and denied her application for benefits. Tr. 33.

## DISCUSSION

Plaintiff raises three assignments of error on appeal. She contends that the Commissioner erred in: (1) improperly weighing three sources of medical opinion evidence; (2) improperly rejecting plaintiff's subjective symptom testimony; and (3)

Page 4 – OPINION AND ORDER

failing to include all of plaintiff's alleged limitations into the hypothetical the ALJ posed to the VE.  The Court addresses each issue in turn.

I.    *Medical Opinion Evidence*

First, plaintiff contends that the Commissioner erred in improperly addressing three sources of medical opinion evidence.

In Social Security cases involving denial of DIB, three types of medical opinions exist: medical opinions of (1) treating physicians, (2) examining physicians, and (3) reviewing physicians.  *Holohan v. Massanari*, 246 F.3d 1195, 1201-02 (9th Cir. 2001). "Generally, a treating physician's opinion carries more weight than an examining physician's [opinion], and an examining physician's opinion carries more weight than a reviewing physician's" opinion.  *Id.* at 1202; *accord* 20 C.F.R. § 404.1527(d). Accordingly, "the Commissioner must provide clear and convincing reasons for rejecting the uncontradicted opinion of an examining physician." *Lester v. Chafer*, 81 F.3d 821, 830 (9th Cir. 1995).  Moreover, "the opinion of an examining [physician], even if contracted by another [physician], can only be rejected for specific and legitimate reasons." *Id.* at 830-31.

Regarding an ALJ's specificity, "[t]he ALJ can meet this burden by setting out a detailed and thorough summary of facts and conflicting clinical evidence, stating his interpretation thereof, and making findings."  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  However, the ALJ is not required to recite "magic words" or "incantations." *Id.* at 755.  If the ALJ provides enough information that the reviewing court can draw reasonable inferences from the record in support of the ALJ's findings,

then the ALJ's findings should be upheld.  *Towne v. Berryhill*, 717 F.App'x 705, 707 (citing *Batson v. Comm'r of Sec. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004)).

Regarding an ALJ's legitimate reasoning, an ALJ may discount a medical opinion when it is inconsistent with medical records or is brief, conclusory, and inadequately supported by clinical findings.  *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).  However, an ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record."  *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998).  Finally, "the consistency of the medical opinion with the record as a whole" is a relevant consideration in weighing competing evidence.  *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  In the end, "[t]he ALJ is responsible for resolving conflicts in the medical record."  *Carmickle v. Comm'r of Sec. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008).  "Where the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld."  *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999).

A.    *Opinion of Dr. Bruckman*

Plaintiff challenges the ALJ's decision to assign "little weight" to the medical opinion of examining physician Dr. Robert Bruckman, M.D.  As an orthopedic surgeon, Dr. Bruckman performed a medical examination in July of 2013 for the purposes of a workers compensation claim by plaintiff.  Tr. 32, 742.  Based on his July 2013 evaluation, Dr. Bruckman concluded that plaintiff may return to stationary work with permanent restrictions, including a restriction from walking up or down

more than five stairs per day or needing to reach surfaces at or below knee level. Tr. 32, 742. In May 2017, after considering Dr. Bruckman's opinion, the ALJ assigned little weight to it. The ALJ discounted Dr. Bruckman's opinion because his July 2013 evaluation followed plaintiff's September 2012 knee surgery and the treatment records between July 2013 and May 2017 revealed that plaintiff's condition had significantly improved since Dr. Bruckman's July 2013 evaluation.

Plaintiff argues that the ALJ failed to identify specific reasons to discount Dr. Bruckman's opinion. However, in her opinion, the ALJ summarized Dr. Bruckman's opinion and provided her reasoning for discounting it. Tr. 18-19. The Court is not constrained to only where the ALJ's provides an exact page citation to the record. Instead, the Court evaluates the complete record, *Mayes*, 276 F.3d at 459, and may draw reasonable inferences from the ALJ's decision "if those inferences are there to be drawn," *Magallanes*, 881 F.2d at 755.

Here, as the ALJ pointed out, Dr. Bruckman's opinion was contradicted by plaintiff's treatment record**.** Tr. 32. Specifically, part of Dr. Bruckman's opinion is contradicted by clinical evidence in the record concerning evaluations performed by her treating physician Dr. Gary Stein, M.D., and examining physician Dr. Soheila Benrazavi, M.D. Tr. 31-32. Because part of Dr. Bruckman's opinion, who was a one-time examining physician, is contradicted by other physicians, the ALJ only needed specific and legitimate reasons to discount it. *See Lester*, 81 F.3d at 830-31.

Throughout her opinion, the ALJ set out a sufficiently detailed and thorough summary of plaintiff's treatment record with citations to the record, which included

Page 7 – OPINION AND ORDER

conflicting clinical evidence.  Although, the ALJ did not provide pinpoint citations to the precise page in the record when explaining her rationale in the opinion, she did provide the citations throughout her opinion and is not required to repeat each citation.  Thus, the ALJ provided more than enough information for the Court to draw reasonable inferences from the record in support of the ALJ's decision.  *See Towne*, 717 F.App'x at 707.  In fact, that ALJ, incorporated many of Dr. Bruckman's limitation in plaintiff's RFC.  Accordingly, the ALJ provided sufficiently specific reasons to discount Dr. Bruckman's opinion.

Moreover, the ALJ provided legitimate reasons to discount Dr. Bruckman's opinion.  For example, the ALJ discounted Dr. Bruckman's opinion because his July 2013 evaluation followed plaintiff's September 2012 knee surgery and the treatment records between July 2013 and May 2017 revealed that plaintiff's condition had significantly improved since Dr. Bruckman's July 2013 evaluation.  **Tr. 32**.  First, subsequent to Dr. Bruckman's July 2013 examination, plaintiff's treating provider and knee surgeon, Dr. Stein, noted plaintiff's post-surgery improvement.  Tr. 31, 335, 349, 583, 590.  Next, Dr. Benrazavi's 2014 examination also noted plaintiff's post-surgery improvements.  Tr. 32, 518-22.  Most importantly, contrary to Dr. Bruckman's opinion, neither Dr. Stein nor Dr. Benrazavi found that plaintiff was permanently restricted from walking up or down more than five stairs per day or needing to reach surfaces at or below knee level.  Tr. 31-32, 335, 349, 518-22, 583, 590.  Because an ALJ may discount a medical opinion if it is inconsistent with medical

records or is brief, conclusory, and inadequately supported by clinical findings, *Bray*, 554 F.3d at 1228, the ALJ's reasoning is legitimate.

The ALJ's specific and legitimate reasoning is supported by substantial evidence in the record, which the ALJ cited throughout her opinion. Even if plaintiff's arguments offered another rational interpretation of Dr. Bruckman's July 2013 examination, when "evidence exists to support more than one rational interpretation, [the Court] must defer to the Commissioner's decision," *Batson*, 359 F.3d at 1193. Thus, because the ALJ provided specific and legitimate reasons, which are supported by substantial evidence in the record, for discounting Dr. Bruckman's opinion, the ALJ did not commit any harmful error.

B.    *Other Medical Opinion Evidence*

Additionally, plaintiff argues that the ALJ erred in assigning "supporting weight" to Dr. Benrazavi's July 2014 opinion because Dr. Benrazavi's opinion was generated before other relevant evidence. Yet, the ALJ articulated that she assigned "supporting weight" to Dr. Benrazavi's opinion precisely because it was consistent with the record as a whole, which included any subsequent relevant evidence. Tr. 32-33; *see also Orn*, 495 F.3d at 631 (explaining that "the consistency of the medical opinion with the record as a whole" is a relevant consideration in weighing competing medical evidence). Thus, plaintiff's argument is without merit, and the ALJ did not commit any harmful error.

Finally, plaintiff argues that the ALJ erred in assigning "partial weight" to the State agency medical consultants' physical assessments because of the timing of these

assessments. However, the ALJ noted that timing and explained that she was giving the assessments only partial weight due to "evidence received at the hearing level that was not available to the State agency consultants, including [plaintiff's] testimony, [which] support additional limitations as assessed in the [RFC]." Tr. 33. Thus, plaintiff's argument is without merit, and the ALJ did not commit any harmful error.

II.    *Plaintiffs Subjective Symptom Testimony*

Next, plaintiff contends that the Commissioner erred in improperly rejecting plaintiff's subjective symptom testimony. Plaintiff argues that the ALJ failed to identify clear and convincing reasons to reject her subjective symptom testimony.

When a plaintiff's medically documented impairments reasonably could be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, the ALJ must provide "specific, clear and convincing reasons" for rejecting the [plaintiff's subjective symptom] testimony regarding the severity of her symptoms. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). A general assertion the plaintiff is not credible is insufficient; the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The ALJ must make findings that are sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the plaintiff's testimony. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). If the "ALJ's credibility

finding is supported by substantial evidence in the record, [the court] may not engage[] in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

In weighing a plaintiff's credibility, the ALJ may consider many factors, including: "(1) ordinary techniques of credibility evaluation, such as the [plaintiff's] reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony ... that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the [plaintiff's] daily activities." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).  Regarding a failure to seek treatment, when a plaintiff's symptoms are effectively treated with conservative medication, and the plaintiff then failed to seek additional treatment, an ALJ may discount a plaintiff's subjective symptom testimony.  *Id.* at 1039-40 (citing *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007). However, "subjective pain testimony cannot be rejected on the *sole* ground that it is not fully corroborated by objective medical evidence." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (emphasis added) (citation omitted).

Here, the ALJ determined that plaintiff's "medically determinable impairments could reasonably be expected to produce . . . [plaintiff's] alleged symptoms; however, . . . [plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and *other evidence* in the record for the reasons explained in [her] decision." Tr. 31 (emphasis added).  Contrary to plaintiff's contention, the ALJ did not completely reject plaintiff's subjective symptom testimony.  Instead, the ALJ found

that plaintiff's testimony affected her "ability to work only to the extent they can reasonably be accepted as consistent with the objective medical *and other evidence*." *Id*.

The ALJ reasoned that plaintiff's "knee surgery [appeared] to have been successful with minimal symptoms or treatment following her surgery." *Id*. The ALJ further reasoned that while "the record [showed] treatment for numerous impairments, [plaintiff's] treatment [had] been sporadic with significant gaps in her treatment record, . . . and she [had] used over-the-counter pain medication for most of the period at issue."[2] *Id*.. Therefore, in weighing plaintiff's credibility, the ALJ considered legally relevant factors. *See Tommasetti*, 533 F.3d at 1039.

Next, the ALJ thoroughly described plaintiff's sporadic treatment record and listed specific evidence in the record, including plaintiff's own testimony reflecting continual improvement of her right knee. Tr. 31, 335, 349, 518-22, 583, 590, 593, 601, 658-59, 687, 694. The Court finds that the ALJ identified specific, clear, and convincing reasons supported by substantial evidence in the record to discount plaintiff's subjective symptom testimony. Thus, the Court holds that the ALJ did not err in discounting plaintiff's statements related to the intensity, persistence, and limiting effects of her symptoms and conditions.

///

///

---

[2] Additionally, contrary to plaintiff's contention, the ALJ carefully noted that while plaintiff's "neck and back pain, and migraine headaches, [had] been treated for less than a year, [the symptoms were still] considered in the [RFC]." Tr. 31.

III.   *Hypothetical posed to the VE*

Finally, plaintiff contends that the Commissioner erred in failing to include all of plaintiff's alleged limitations into the hypothetical the ALJ posed to the VE. Plaintiff argues that the ALJ failed to include "[p]laintiff's credible allegations and critical aspects of the limitations assessed by Dr. Bruckman" when posing the hypothetical questions to the VE.

In assessing an RFC and submitting hypothetical questions to a VE, an ALJ is not required to include limitations based on either discounted medical opinions or discounted subjective symptom testimony by plaintiff.  *See Bayless v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (holding that it is proper for an ALJ to restrict a hypothetical to limitations that the ALJ found credible and supported by substantial evidence in the record).   Here, because the ALJ properly discounted both Dr. Bruckman's opinion and plaintiff's subjective symptom testimony, the ALJ properly restricted her hypothetical to the VE to those limitations that the ALJ found credible and supported by substantial evidence in the record.  Thus, the ALJ did not commit any harmful error.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## CONCLUSION

For the reasons set forth herein, the Commissioner's decision is AFFIRMED.

Accordingly, this case is dismissed.

IT IS SO ORDERED.

Dated this  23rd  day of April, 2020.


_____/s/Ann Aiken_____
Ann Aiken
United States District Judge